## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **RAYMOND LOUIS HARVEY, JR.,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:19CV00596 |
| | ) | |
| **v.** | ) | **OPINION** |
| | ) | |
| **BERNARD W. BOOKER,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Raymond Louis Harvey, Jr., Pro Se Petitioner; Eugene Murphy, Senior Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Respondent.*

Raymond Louis Harvey, Jr., a Virginia inmate proceeding pro se, brings this petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2015 Roanoke City Circuit Court convictions for attempted murder, aggravated malicious wounding, and use of a firearm in the commission of each offense. The respondent has filed a Motion to Dismiss, to which Harvey has responded. Upon review of the record and pleadings,[1] I find that Harvey has procedurally defaulted each issue he raises in the petition, and he has not demonstrated the required cause and prejudice to overcome his default. Accordingly, I grant the respondent's motion.

---

[1] Unless otherwise indicated, the facts and procedural history herein come from the pleadings of the parties in this case and from the state court records attached to the respondent's Memorandum in Support of Motion to Dismiss, ECF No. 15.

I.

On November 3, 2014, Harvey was directly indicted for aggravated malicious wounding, attempted murder, and two counts of using a firearm in the commission of a felony.  The parties initially scheduled the trial for February 23, 2015, but on that date, the Commonwealth needed more time to prepare and requested a continuance.  Defense counsel had just received discovery and did not oppose the continuance, and the trial court reset the matter for April 24, 2015.

On April 23, 2015, the Commonwealth requested another continuance, because a material witness was unavailable for trial.  Harvey opposed this continuance, but the continuance was granted, over his objection.  The next day, the parties appeared to schedule the new date and to hold a bond hearing for the defendant.  The trial court stated for the record the posture of the case, and defense counsel asked the court to include in its written continuance order that Harvey not only objected to the continuance but was not waiving his speedy trial rights.  The parties then began presenting evidence for the bond hearing, when the Commonwealth's Attorney interjected that the matter was set for June 12, 2015, by agreement of the parties, which defense counsel confirmed.  The prosecuting attorney then added that the parties had done the math and agreed that June 12 was "within the Commonwealth's statutory limit of speedy trial."  *Harvey v. Commonwealth*, No. 1460-15-3, slip op. at 3 (Va. Ct. App. June 19, 2018) (en banc)

(unpublished).  The parties vigorously dispute whether defense counsel agreed with that representation, and the written record fails to clarify the situation, as the transcripts offered to the appellate court were inconsistent, one indicating that defense counsel said, "Yes," while the other transcript showed no response.

The trial court's written continuance order noted Harvey's objection and that Harvey was not waiving his speedy trial rights.  Pet. at 16, ECF No. 1.  The order also stated that the defense would be granted a continuance, upon request, if the defense needed additional time to retain and subpoena a defense ballistics expert. *Id.* at 7.

On June 5, 2015, defense counsel filed a motion to dismiss Harvey's charges based upon the violation of his speedy trial rights.  A different judge presided over the hearing on this motion on June 9, 2015.  After listening to the audiotape recording of the April 24 hearing, the judge ruled that defense counsel had agreed that June 12 was within the statutory speedy trial limit and could not take the opposite position at a later time in the same case.  Harvey's motion for reconsideration and rehearing of the issue was denied on June 11, 2015.

The jury trial proceeded on June 12, 2015, and concluded in a single day.  The jury found Harvey guilty on all charges and recommended sentences of forty-five years for aggravated malicious wounding, ten years for attempted murder, and the mandatory five-year and three-year sentences on each of the gun charges,

3

respectively.  Following consideration of a presentence report and a sentencing hearing on August 13, 2015, the trial court imposed the recommended sentences, totaling sixty-three years.  Harvey appealed to the Court of Appeals of Virginia, raising denial of his speedy trial rights as his sole issue.

Initially, a panel of the Court of Appeals reversed Harvey's convictions. *Harvey v. Commonwealth*, 796 S.E.2d 428, *reh'g en banc granted*, 797 S.E.2d 801 (Va. Ct. App. 2017).  On rehearing en banc, the full court reinstated the convictions, holding that Harvey had failed to provide a copy of the audio recording of the April 24, 2015, hearing, so that the court was unable to determine whether the trial court erred in deciding that Harvey's attorney agreed that June 12 was within the speedy trial statute. In the absence of such evidence, the appellate court applied the presumption of regularity, finding that the trial judge was presumed to know the law and applied it correctly.  *Harvey*, slip op. at 5.  To the extent Harvey's assignment of error could be read to include his Sixth Amendment constitutional right to speedy trial as well as his statutory right under Virginia law, the court noted that Harvey "cite[d] no authority and pursue[d] no argument on that point," and therefore, the court held that Harvey had waived the constitutional error under Supreme Court of Virginia Rule 5A:20(e).  *Id.* at 2 n.2.

Harvey appealed to the Supreme Court of Virginia, raising two assignments of error: (1) that the Court of Appeals erred in affirming the trial court's statutory

speedy trial decision and (2) that the Court of Appeals erred in finding that he had waived his constitutional speedy trial claim.  By order entered January 17, 2019, the Supreme Court of Virginia dismissed the first assignment of error under its Rule 5:17(c)(1)(iii), finding that the assignment of error did not sufficiently address a ruling of the Court of Appeals.  The court declined to hear the appeal on the second issue, leaving the opinion of the Court of Appeals intact.

Harvey did not file a state habeas petition.  Rather, he timely filed the current § 2254 petition on September 4, 2019.  He presents the following issues:

1. His constitutional speedy trial rights were violated;[2] and

2. He was denied the right to present an affirmative defense, because the court did not continue the trial beyond June 12, 2015, for him to retain a ballistics expert.

## II.

A federal court may not grant a state prisoner habeas relief under § 2254 unless he has exhausted available state court remedies.  28 U.S.C. § 2254(b)(1)(A). This simply means that the petitioner must present his constitutional claims to the

---

[2] Harvey asserts that the cases applying Virginia's speedy trial statute, Va. Code Ann. § 19.2-243, are intertwined with discussion of the Sixth Amendment right to speedy trial.  However, Harvey does not appear to assert or argue his statutory speedy trial claim in the § 2254 petition.  Even if he presented that claim here, I could not consider it, as state law claims, arising out of interpretation of a state statute, are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

highest state court before seeking federal habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). So long as the claim is fairly and properly presented to the highest court, either on direct appeal or in state collateral proceedings, then the claim is exhausted. *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). To meet the exhaustion requirement, the petitioner "must have presented to the state court both the operative facts and the controlling legal principles." *Kasi v. Angelone*, 300 F.3d 487, 501–02 (4th Cir. 2002).[3] Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson,* 501 U.S. 722, 732 (1991).

Closely related to exhaustion is the doctrine of procedural default. If a state court dismisses a claim based on failure to follow state procedural rules, that procedural default can be an independent and adequate state law ground for dismissal of a petitioner's claim. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Likewise, if a petitioner has not exhausted a claim in the highest state court and cannot now do so because of time limits or other adequate and independent state procedural bars, the claim is considered simultaneously exhausted and defaulted. *Coleman*, 501 U.S. at 732. Once a claim is procedurally defaulted, a petitioner can prevail on his § 2254 claim only if he can show both cause for the default and actual

---

[3] I have omitted internal quotation marks, alterations, and citations here and throughout this memorandum opinion, unless otherwise noted.

prejudice as a result of the claimed federal violations, or if he can demonstrate that failure to consider the claims will result in a miscarriage of justice because he is actually innocent. *Id.* at 750.

Both of Harvey's claims have been procedurally defaulted, and he has not demonstrated the necessary cause and prejudice to overcome this procedural default, as discussed more fully below. He has not claimed actual innocence, so that need not and will not be addressed.

### A. *Claim 1 – Constitutional Right to Speedy Trial.*

The written en banc opinion of the Court of Appeals of Virginia is the last reasoned state court opinion, as the Supreme Court of Virginia summarily denied Harvey's petition regarding the constitutional speedy trial claim. Accordingly, a reviewing federal habeas court "looks through" the Supreme Court of Virginia's refusal of the appeal and reviews the reasoning of the Court of Appeals. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (holding that federal habeas court must presume that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground").

The Court of Appeals of Virginia held that Harvey's constitutional speedy trial claim was procedurally defaulted because of Harvey's failure to comply with Rule 5A:20(e) of the Rules of the Supreme Court of Virginia. This rule, regularly

enforced by the Virginia courts, is an independent and adequate state ground for the dismissal of Harvey's constitutional claim.  *See Kinnard v. Kelly*, No. 1:09CV1115 (LO/JFA), 2010 WL 11530402, at *2 n.1 (E.D. Va. 2010).  Accordingly, the claim is also procedurally barred from federal consideration of its merits, unless Harvey can show both cause for the default and actual prejudice as a result of the alleged constitutional violation.  *Coleman*, 501 U.S. at 732, 750.

Cause for procedural default requires the existence of some objective factor, external to the defense and not fairly attributable to the prisoner, that prevented compliance with the procedural rules he defaulted.  *Id.* at 756–57.  Negligence or inadvertence of state defense counsel, however, is generally not adequate cause for default, unless it rises to the level of constitutionally ineffective assistance of counsel.  *Murray v. Carrier,* 477 U.S. 478, 486 (1986).  Before ineffective assistance of counsel may be raised to show cause for procedural default, the ineffective assistance claim must be presented to the state courts as an independent constitutional claim.  *Id.* at 488–89.  Harvey filed no state habeas claim alleging ineffective assistance of counsel in handling his appeal, so he has failed to demonstrate cause for the procedural default.

Nor has Harvey demonstrated prejudice from the alleged violation, although the absence of cause for default is alone fatal to his claim.  The Supreme Court has identified four factors to balance when considering whether a federal constitutional

8

speedy trial violation has occurred: length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant.[4]  *Barker v. Wingo,* 407 U.S. 514, 530 (1972).  Harvey has failed to demonstrate that consideration of these factors would have resulted in finding a constitutional violation.  His trial was held seven months and nine days after his indictment, which has not been considered an egregiously long delay under most standards.  Admittedly, the delay from April 24 through June 12 was caused solely by the Commonwealth being unprepared to go forward, but that period was less than two months of the total delay.  Harvey clearly asserted his desire for a speedy trial.  However, there is no evidence that Harvey's ability to defend himself, bring witnesses to court, or introduce evidence on his behalf was impaired by the delay.  Without such a showing, Harvey cannot demonstrate that he has been prejudiced by the procedural default of this issue.

---

[4] In his petition for appeal to the Supreme Court of Virginia, Harvey argued these four factors after the Court of Appeals of Virginia had already found him in default. Apparently, Harvey did not present those arguments to the Court of Appeals of Virginia. Harvey now relies upon the interrelatedness of the speedy trial statute discussions and the constitutional speedy trial right discussions contained in many of the cases cited to the court of appeals.  If that were all that is required, then a petitioner would always be deemed to raise a federal constitutional claim whenever he argued a violation of the state speedy trial statute.  It has long been settled in Virginia, however, that arguing violation of the speedy trial statute does *not* automatically raise the constitutional claim.  The state courts have routinely held that defendants who raised the statutory right have failed to make the constitutional argument.  *Ashby v. Commonwealth*, 535 S.E.2d 182, 185 (Va. Ct. App. 2000); *Hall v. Commonwealth*, No. 1522-08-1, 2009 WL 3347089 at [*]4 (Va. Ct. App. 2009).  As the court stated in *Hall*, "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." *Id.* at [*]4.

B. *Claim 2 – Constitutional Right to Make a Defense.*

Harvey acknowledges that he did not raise this issue in state court because he "just learned of this issue." Pet. at 7, ECF No. 1. The statute of limitations for Harvey to file a state habeas expired January 17, 2020, *see* Va. Code Ann. § 8.01-654(A)(2), and he has already exhausted his direct appeals, so the issue in Claim 2 would be time-barred if he tried to exhaust the issue in state court now. Accordingly, the issue is simultaneously exhausted and defaulted. *Coleman*, 501 U.S. at 732. For a federal habeas court to consider this claim, Harvey must demonstrate good cause for the default and actual prejudice as a result of the violation alleged.

Harvey alleges that he just learned of this issue and that he does not know why his state attorney did not raise the issue on appeal. This falls short of showing cause for his default. Indeed, the record contradicts Harvey's claim that he was, until recently, unaware of the court's willingness to continue the case if he needed a ballistics expert; the discussion of this issue was held in open court at the same time as Harvey's objection to the Commonwealth's requests for a continuance. The terms were also included in the continuance order.

Nor has Harvey stated facts showing that his attorney was ineffective for failing to raise the issue—he asserts only that he does not know why the attorney did not raise the issue. As indicated previously, ineffective assistance of counsel (if he had alleged it) would have had to be presented to the state court as an independent

constitutional claim before such ineffectiveness can be used as cause for procedural default. *Murray*, 477 U.S. at 488–89.

Harvey fares no better on demonstrating actual prejudice. He alleges that he requested a new trial on June 12, 2015, but that is different from requesting a continuance. He does not indicate that he asked for and was denied a continuance. He does not allege that he needed more time to consult with a ballistics expert. He has not offered any evidence of what such an expert would have said or done that might have changed the outcome of the trial. In short, it is not clear exactly how Harvey believes his right to defend himself was violated or how he was prejudiced by that violation.

I conclude that both of Harvey's claims herein are procedurally defaulted, and Harvey has failed to show good cause for the default or actual prejudice as a result of the alleged violations. Therefore, I must dismiss his petition.

### III.

When issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. *See* Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were sufficiently weighty

to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

I decline to issue a certificate of appealability because Harvey has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's procedural ruling to be debatable or wrong.

## IV.

For the reasons stated, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

DATED:     September 28, 2020

/s/ JAMES P. JONES_____
United States District Judge